IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |
|---|---|
| SOUTHERN TRACE HOLDING CO., LLC, | ) )  ) |
| Appellant, | ) CIVIL ACTION NO. 09-00108-CG-C |
| v. | ) ) ) |
| UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (HUD), | ) ) ) BANKRUPTCY CASE NO. 08-15153 |
| Appellee. | ) ) ADVOCACY CASE NO. 08-1099 ) |

## ORDER

This matter is before the court on Appellee's notice of filing (Doc. 7). Appellee filed a copy of the bankruptcy court's order of March 10, 2009, dismissing Appellant's underlying bankruptcy case, Case No. 08-15133-MAM-11. As noted in Appellee's notice, dismissal of a bankruptcy case normally results in dismissal of all remaining adversary proceedings. In re Morris, 950 F.2d 1531, 1534 (11th Cir. 1992). However, the "decision whether to retain jurisdiction over the adversary proceeding should be left to the sound discretion of the bankruptcy court or the district court, depending upon where the adversary proceeding is pending." Id.

The adversary on appeal before the court seeks a stay of a foreclosure proceeding against certain property owned by the debtor.[1] Since the debtor's bankruptcy has now been dismissed,

---

[1] Under 11 U.S.C. § 362(b)(8), the automatic stay imposed under 11 U.S.C. § 362(a)(8) does not apply to the Secretary of Housing and Urban Development.

1

the court finds that any action seeking to extend the scope of the bankruptcy stay is moot. Moreover, Appellee filed a motion to dismiss which states that the foreclosure sale of the property at issue took place on January 20, 2009.[2] (Docs. 2 & 3).  Thus, the court finds dismissal of this appeal is appropriate.

## CONCLUSION

For the reasons stated above, this appeal is **DISMISSED**.

**DONE and ORDERED** this 11th day of March, 2009.

/s/  Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Apparently Appellant did not obtain a stay of the foreclosure proceeding pending the outcome of this appeal.